IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN ALLIANCE OF POLICE, and JOSEPH KRESCH, PRESIDENT, METROPOLITAN ALLIANCE OF POLICE, CHAPTER 267,<br>           Plaintiffs,<br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORP., JOSEPH PEREZ, in his individual and Official capacity,<br>           Defendants. | CASE NO.: 18 C 002468<br><br>THE HONORABLE CHARLES P. KOCORAS |

## MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION ("Metra"), and JOSEPH PEREZ ("Perez"), by and through their attorneys, Thomas J. Platt and Henry J. Ford, Jr., Metra's Law Department, move to disqualify Plaintiffs' counsel, Steven Calcaterra, under Fed. R. Civ. P. 26(c), stating:

1. Plaintiffs' counsel, Steven Calcaterra, is an authorized union representative of the Metropolitan Alliance of Police ("MAP"), engaged in investigations, grievance meeting and related matters since July, 2015, pursuant to the collective bargaining agreement. (Dkt. 1 at ¶¶11-17). As the union representative, he negotiated on behalf of employee(s) in disciplinary hearings, conducted meetings with Defendant Joseph Perez, Metra's Chief of Police, and Metra's Director of Labor Relations, Tim Hort, and specifically, on matters that are now the subject of this lawsuit. Unknown to Metra was that Mr. Calcaterra intended to sue Chief Perez with respect to the aforesaid communications, knowing that Chief Perez was without counsel present. In doing so, Mr. Calcaterra's conduct implicates two ethical rules: Illinois Supreme Court Rules of Professional Responsibility: 4.2 and 3.7. The violation of these rules requires that Mr. Calcaterra should be disqualified as attorney for Plaintiffs in this matter.

2. Metra operates commuter train service throughout Cook and surrounding counties. 70 ILCS 3615/1.01 *et. seq.* Plaintiff MAP is the duly authorized collective bargaining unit that represents Metra police officers. MAP's contact with Metra has always been through its duly authorized representatives who negotiate collective bargaining agreements, file grievances on behalf of MAP members, represent police officers in disciplinary hearings, etc. Plaintiff Joseph Kresch, a Metra police sergeant, and president of MAP's local chapter since May 2014, has acted in the capacity as duly authorized representative. (Dkt. 1 at ¶¶ 16, 18-20).

3. Similarly, Plaintiff's counsel, Steven Calcaterra, has repeatedly held himself out and acted as a duly authorized representative of MAP under the Collective Bargaining Agreement ("CBA").

5. In 2015, Mr. Calcaterra and another MAP attorney appeared at a disciplinary hearing of a Metra police officer. At that time, Calcaterra, although an attorney, had not been duly appointed by MAP as defined by the CBA between MAP and Metra. As such, Metra's hearing officer refused to allow Mr. Calacaterra to represent the Metra police officer involved in the disciplinary action, consistent with the CBA. The disciplinary hearing proceeded with a MAP duly appointed representative (a non-attorney) and Mr. Calcaterra was not allowed to participate.

6. Thereafter, Mr. Calcaterra was appointed as a duly authorized union representative by Plaintiff MAP's local chapter and he began appearing at grievance meetings and other matters with Metra representatives, including Tim Hort, the Director of Labor Relations, a non-attorney, who advised Metra on its negotiations and relationship with the union, and with Chief Perez, a non-attorney and defendant in this matter.

2

7. On August 31, 2017, Metra charged Plaintiff Kresch with violating Metra rules when he performed union business on Metra time in violation of Metra Employee Conduct Rules Q and I and Metra Police Department policies 104.3.46, 703.3 in connection with performing union work during Metra work hours. Metra scheduled an investigation, under the CBA, to proceed on October 4, 2017.

8. On or about October 4, 2017, Mr. Calcaterra came to Metra's office, accompanied by Plaintiff Kresch and asked to meet with Chief Perez before the disciplinary hearing began.

9. At the October 4, 2017 meeting, Mr. Calcaterra discussed his concern about the charges against Kresch, and his desire to negotiate those charges to another, lesser violation. Chief Perez excused himself, and returned, stating generally that Metra could not comply with Mr. Calcaterra's request. As the conversation continued, Mr. Calcaterra became irate and stated he would challenge Metra's position and intended to sue Chief Perez personally. Mr. Calcaterra stated that Chief Perez should be ready for a rough couple of years. Mr. Calcaterra also raised a challenge to Chief Perez's proposal to issue body cams to Metra officers. Mr. Calcaterra initiated the discussion of body cams, which became a subject of conversation between the two.

10. Mr. Calcaterra's actions and conversations on October 4, 2017 were ostensibly performed as the duly authorized representative of MAP and on behalf of Kresch. The allegations made by Mr. Calcaterra in this lawsuit, however, prove that he instead knowingly acted as an attorney advocate on behalf of MAP and Kresch under the pretense of acting as MAP and Kresch's duly authorized representative under the CBA and the Railway Labor Act ("RLA"). These actions implicate Rule 4.2 of the Illinois Rules of Professional Conduct because Mr. Calcaterra wrongly obtained access to conversations with Metra's employees who were not represented by counsel. (Under LR 83.50 the ABA Model Rules, comparable Illinois Rules of Professional Conduct apply).

11. Rule 4.2 of the Illinois Rules of Professional Conduct states that: "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." IL R S CT RPC Rule 4.2. Although duly authorized union representatives may also be attorneys, they may not act in a dual role as an attorney for a member or the union in their capacity as a duly authorized representative during this conversation without prior notification to Defendants' employees.

12. Rule 4.2 protects the lawyer-client relationship by preventing opposing counsel from taking advantage of a non-lawyer's relative unfamiliarity with the law or prompting a non-lawyer's inadvertent disclosure of information against interest. *In re Grievance Proceedings*, 2002 WL 31106389 at *2 (D. Conn. 2002). The policy behind the rule is to prevent undercutting or end-running an on-going lawyer-client relationship. *Id.*; *Orlowski v. Dominick's Finer Foods*, 937 F.Supp.723, 727 (N.D. Ill. 1996) (Keys, Mag. Judge) (Purpose of Rule 4.2 is protect attorney-client relationship of a corporate client).

13. Mr. Calcaterra improperly took advantage of his status as a duly authorized union representative to gain access to and engage in conversations with Metra's employees who were not represented by counsel because they were not notified by Mr. Calcaterra of his intent to act as counsel for Plaintiffs during these conversations.

14. Mr. Calcaterra is personally involved in or has personal knowledge of those topics that are set forth in the Complaint, including:

    a. Mediation and collective bargaining between Metra and Map Chapter 267, in which he participated (Dkt. 1 at ¶¶ 23-29);

    b. Discipline of African American employees (*Id.* at ¶ 32);

    c. Secondary employment issues (*Id.* at ¶¶ 93-96); and

    d. Implementation of body cams, *i.e.*, Portable Audio Video Recorders, Metra Police Dept. Policy 425 (*Id.* at ¶¶ 85-92).

15. Rule 3.7 of the Illinois Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless." IL R S CT RPC Rule 3.7. Mr. Calcaterra may be a material witness in this case. Metra would consider requesting his files on the subject matter in the complaint. Moreover, he clearly communicated with Metra leadership without counsel present on matters that are central to this lawsuit.

16. On May 30, 2018, counsel for Defendants sent a Rule 11 letter to Mr. Calcaterra, asking that he withdraw from the lawsuit. On June 7, 2018, Mr. Calcaterra responded in writing, disputing Metra's position. On June 21, 2018, the undersigned spoke in person with Mr. Calcaterra outside the courtroom following a court appearance in this case about this issue and asked Mr. Calcaterra to withdraw for the reasons stated in the Rule 11 letter and in this motion. Mr. Calcaterra declined to do so.

17. Based on Mr. Calcaterra's dual position as a duly authorized representative of MAP and as the attorney who filed this lawsuit, he had access to and conversations with non-attorney decision makers of Defendant Metra, including Defendant Chief Perez and Labor Director Hort. He has now sued Metra and Perez based, in part, on allegations obtained from this access and conversations. Also, Mr. Calcaterra will be a witness to the events underlying the allegations of the Complaint. Under these circumstances, Mr. Calcaterra should be disqualified as counsel for plaintiff.

WHEREFORE, Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, and JOSEPH PEREZ respectfully request that this Court disqualify Plaintiffs' counsel and for such other relief that this Court deems appropriate.

Dated: August 2, 2018

Respectfully submitted,
**Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra, and Joseph Perez**

By: /s/ Thomas J. Platt
Thomas J. Platt

/s/ Henry J. Ford, Jr.
Henry J. Ford, Jr.
Attorney for Defendants

Thomas J. Platt – ARDC#: 6181260:
Henry J. Ford, Jr. – ARDC#: 6277482
Metra Law Department – Firm No. 17341
547 West Jackson Boulevard - 15th Floor
Chicago, Illinois 60661
Telephone: 312.322.6900/ 6958
tplatt@metrarr.com
hford@metrarr.com