# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

METROPOLITAN ALLIANCE OF )
POLICE, )
and )
JOSEPH KRESCH, PRESIDENT, )
METROPOLITAN ALLIANCE )
OF POLICE, CHAPTER 267, )
                                                                     Plaintiffs, )
                                                                       )
                     v. )    NO.:    18 C 002468
                                                                       )
NORTHEAST ILLINOIS REGIONAL )    JUDGE CHARLES P. KOCORAS
COMMUTER RAILROAD CORP., )
JOSEPH PEREZ, in his individual and )
Official capacity, )
                                                                       )
                                                      Defendants. )

## **DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P 37 AND 41**

      Defendants, Metra and Joseph Perez, move to dismiss the complaint, with prejudice, pursuant to Federal Rules of Civil Procedure 37 and 41(b) due to Plaintiff's repeated failure to comply with this Court's orders and the Federal Rules of Civil Procedure and because of Plaintiff's pattern of discovery abuses and wilful delay throughout the five months of discovery, and states:

## **BACKGROUND**

      1.     On September 11, 2018, this Court entered an order closing discovery on February 12, 2019. **(Dkt. 26).** On September 25, 2018, Defendants served Plaintiff with interrogatories and requests to produce. **Ex. A.** In the absence of any court order, on October 3, 2018, the parties agreed to make Rule 26(a) disclosures by November 1, 2018. **Ex. B.** Two days prior to the agreed Rule 26(a) deadline, Plaintiff's counsel requested, and Defendants agreed to extend Rule 26(a) disclosures from November 1, 2018 to November 5, 2018. ***Id.***

2. On October 30, 2018, Defendants again forwarded (via e-mail) the previously served interrogatories and requests to produce on Plaintiff, stating that Plaintiff's answers were past due and requested compliance by November 16, 2018. Plaintiff's counsel did not respond. *Id.*

3. On November 2, 2018, the undersigned called Plaintiff's counsel and left a voicemail to confirm that Plaintiff's would respond to written discovery by November 16, 2018. Plaintiff's counsel did not respond. On November 5, Defendants served their Rule 26(a) disclosures; Plaintiff did not. **Ex. C.** On November 6, 2018, the undersigned sent a Rule 37.2 letter to Plaintiff's counsel regarding Plaintiff's Rule 26(a) disclosures. **Ex. D.** Plaintiff did not respond. On November 16, 2018, Plaintiff did not provide answers to Defendants' written discovery. **See Dkt. 28, Defendant's Motion to Compel.**

4. On November 16, 2018, Metra filed its first motion to compel. *Id.* On November 29, 2018, at 12:16AM, the day of the hearing on the motion, Plaintiff tendered answers to Metra's written discovery (which were inadequate), but did not answer Perez's interrogatories. **Ex. E.** The following day, at the status hearing, this Court entered and continued Defendants motion to compel to allow Defendants time to review the responses. **Dkt. 31.**

5. On December 11, 2018, the undersigned e-mailed Plaintiff's counsel to request answers to Perez's interrogatories. **Ex. F.** On December 12, Defendants asked for a conference pursuant to Rule 37.2 due to the inadequacy of the answers to Metra's written discovery. *Id.*

6. On December 20, 2018, Plaintiff served answers to Perez's discovery. **Ex. G.**

7. On January 8, 2019, the undersigned e-mailed Plaintiff's counsel to schedule Plaintiff's deposition. **Ex. H.** The undersigned proposed February 5, 7, and 8 and stated that if there was no response, then we would proceed on February 5, 2019. *Id.* Plaintiff's counsel did not respond.

8. On January 10, 2019, Defendants noticed Plaintiff's deposition for February 5, 2019 at 1:30PM. **Ex. I.** Plaintiff's counsel did not respond to the deposition notice. On January 17, 2019 the undersigned sent a second Rule 37.2 letter to the Plaintiff's counsel addressing several deficiencies with Plaintiff's answers to Perez's discovery and asked for a date and time to discuss the deficiencies. **Ex. J.** Plaintiff's counsel did not respond. (This same e-mail again addressed the February 5, 2019 deposition notice).

9. On January 22, 2019, the undersigned called Plaintiff's counsel to discuss the Rule 37.2 issues. Plaintiff's counsel did not respond. On January 23, 2019, Defendants filed a second motion to compel because Plaintiff's counsel never responded to Defendants' attempts to resolve the discovery disputes. The motion was noticed for presentment on February 12, 2019. **Dkt. 35.**

10. On January 30, 2019, the undersigned sent an amended Notice of Deposition to Plaintiff's counsel changing the time of the deposition from 1:30PM to 9:30AM on February 5, 2019. **Ex. K.** Shortly thereafter, Plaintiff's counsel responded, by e-mail, and stated his client would be out of the state. The parties agreed to take Plaintiff's deposition on February 8, 2019 at 9:30AM. **Ex. K.**

12. On February 7, 2019 at 9:15AM, Defendant's counsel's office confirmed with Plaintiff's counsel that the February 8, 2019 deposition would proceed and that Plaintiff Kresch and MAP would produce much of the remaining discovery materials and subpoenaed documents at the beginning of the February 8 deposition. **Ex. L.** Unbeknownst to Defendants' counsel, both Mr. Calcaterra and Mr. Kresch were in the Metra building on union business on that date, and never brought the outstanding discovery to the undersigned, who was in the same building.

13. On February 7, 2019, Plaintiff served interrogatories on Defendants *for the first time* notwithstanding that discovery closes on February 12, 2019. **Ex. M.**

14.     On February 8, 2019, at 7:49AM, Plaintiff's counsel e-mailed the undersigned, stating that Plaintiff was in an emergency room of an undisclosed hospital and may not appear for his deposition, but that he would notify the Defendants. **Ex. N.** Defendants called Plaintiff's counsel shortly thereafter. Plaintiff's counsel related that discovery materials referenced on February 7 were in his client's possession and he had not yet seen the materials, but would forward them when he received them. *Id.*

15.     The undersigned e-mailed Plaintiff's counsel at 9:15AM on the status of the deposition, and informed Plaintiff's counsel that if there was no response by 10AM, then the deposition would be cancelled. **Ex. N.** Plaintiff's counsel did not respond. The undersigned called at 10:15AM on the status of the deposition. Plaintiff's counsel did not respond. In a follow up e-mail, the undersigned cancelled the deposition and offered to depose Plaintiff on February 11, 2019. **Ex. P.** Plaintiff did not respond.

16.     Later, at 4:46PM, the undersigned had not heard back from the Plaintiff's counsel and emailed Plaintiff's counsel that the deposition for February 11, 2019 was cancelled and reminded Plaintiff that he had not produced the documents and discovery materials that he indicated he would produce the morning of the February 8. **Ex. O, Q.** That night, at 10:30PM, Plaintiff's counsel e-mailed: (1) supplemental 26(a) disclosures; (2) a privilege log; (3) supplemental answers to requests to produce (without documents); (4) supplemental responses to Metra's interrogatories; and (5) supplemental responses to Perez's interrogatories. **Ex. R.** This did not cure issues raised in Defendants' pending motion to compel. Finally, Plaintiff produced no additional documents despite his prior communication indicating that the documents would be produced the morning of February 8, 2019.

## APPLICABLE LAW

17. Dismissal is warranted in this case under Rules 37 and 41. Federal Rule of Civil Procedure 37(b) enables courts to enter sanctions against a party that does not obey discovery orders, fails to attend its own deposition, and/or fails to serve answers to discovery. Amongst sanctions available under Rule 37 are orders to bar evidence and dismissal of the action. Rule 37(d) specifically allows for the dismissal of an action where a party fails to appear for a deposition after being served proper notice. Federal Rule of Civil Procedure 41 also permits the court to involuntarily dismiss cases where the plaintiff fails to prosecute or comply with court rules or a court order. Involuntary dismissals under Rule 41 operate at adjudications on the merits. *Id.*

18. To dismiss a case as a sanction for discovery abuse, the court must only find that the party's actions displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693. A pattern of willful delay and avoidance is sufficient to support a dismissal under Rule 37. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191-92 (7th Cir. 2011). In *Brown*, the 7th Circuit upheld a dismissal under Rule 37 where the plaintiff's failed to meet multiple discovery deadlines over eight months, and failed to respond to the defendant's discovery requests.

## ANALYSIS

19. Here, Plaintiff has demonstrated a pattern of willful delay, discovery avoidance, and disregard for discovery rules. The undersigned's efforts to communicate with Plaintiff's counsel throughout this case have been largely ineffective. Plaintiff's counsel repeatedly failed to respond to e-mails, letters, and telephone calls to discuss resolve issues.

20. Plaintiff failed to attend his properly noticed deposition. When the undersigned tried to schedule Plaintiff's deposition, his counsel failed to respond. On January 10, 2019, the undersigned then noticed Plaintiff's deposition for February 5, 2019. Plaintiff's counsel did not respond until January 30, 2019, to notify the undersigned that his client was unavailable. Later, after Plaintiff's

counsel confirmed his client's scheduled attendance on February 7, 2019, Plaintiff failed to attend the deposition on February 8, 2019 due to a purported medical issue. Metra offered to proceed on February 11, 2019. Plaintiff's counsel did not respond to this offer and the deposition did not proceed.

21. Defendants cannot properly prepare their defense of this case without complete answers to discovery and Plaintiff's deposition. Defendants have diligently pursued discovery in this matter and have been repeatedly frustrated by Plaintiff's persistent delay and failure to respond.

WHEREFORE, Defendants respectfully request that this Court grant their motion for sanctions and dismiss this case with prejudice, or in the alternative, order Plaintiff to pay the reasonable costs of the cancellations for the court reporter and videographer scheduled for the February 8, 2019 deposition, and reasonable attorneys' fees and costs for bringing this motion, and for any other relief this Court deems just and appropriate.

**Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra and Joseph Perez,**

By: _____
Stephen G. Goins, Attorney for Defendants

Stephen G. Goins
Thomas Platt
**Metra Law Department --**15th Floor
547 West Jackson Boulevard
Chicago, Illinois 60661
312.322.7073
ARDC: 6310890