

Steve Calcaterra <stevecalcaterra@gmail.com>

## Fwd: Kresch v. Metra
1 message

**German Salamanca** <germansalamanca1@gmail.com>  Tue, Mar 19, 2019 at 5:13 PM
To: stevecalcaterra@gmail.com

Sent from my iPhone

Begin forwarded message:

> **From:** German Salamanca <gsalamanca@METRARR.COM>
> **Date:** March 17, 2019 at 4:21:10 AM PDT
> **To:** "GERMANSALAMANCA1@GMAIL.COM" <GERMANSALAMANCA1@GMAIL.COM>
> **Subject: FW: Kresch v. Metra**

**From:** Marchell Redmond
**Sent:** Monday, March 11, 2019 8:01 AM
**To:** German Salamanca <gsalamanca@METRARR.COM>
**Cc:** Michael D. O'Neill <mdoneill@metrarr.com>; Bryan Mack <BMack@METRARR.COM>
**Subject:** RE: Kresch v. Metra

Your meeting has been rescheduled for Thursday, March 14th at 11:00 a.m. Please confirm your attendance.

**Marchell Redmond** | Executive Administrative Assistant, Police Services

**Metra Police Department** |547 W. Jackson Blvd, 9th Floor, Chicago, IL 60661

312-322-6922 | Office

312-322-8905 | Fax

312-235-9507 | Cell

mredmond@metrarr.com



EXHIBIT

A

**From:** German Salamanca
**Sent:** Sunday, March 10, 2019 7:08 AM
**To:** Marchell Redmond <mredmond@METRARR.COM>
**Subject:** RE: Kresch v. Metra


I'm scheduled off on Monday, I'd like to confirm the Law Dept. before I head in. Thanks


**From:** Marchell Redmond
**Sent:** Friday, March 08, 2019 7:28 AM
**To:** German Salamanca <gsalamanca@METRARR.COM>
**Subject:** RE: Kresch v. Metra


Thank you for your quick response. I'll notify the Law Department of your availability.


Marchell


**From:** German Salamanca
**Sent:** Friday, March 08, 2019 7:26 AM
**To:** Marchell Redmond <mredmond@METRARR.COM>
**Subject:** RE: Kresch v. Metra


Good Morning, I am available.


**From:** Marchell Redmond
**Sent:** Thursday, March 07, 2019 3:10 PM
**To:** Ronald Davis <RDavis@METRARR.COM>; German Salamanca <gsalamanca@METRARR.COM>; Kraig Elzia <KElzia@METRARR.COM>; Reginald E. Harris <RHarris@METRARR.COM>
**Cc:** Pam Post <papost@METRARR.COM>
**Subject:** Kresch v. Metra


Please let me know as soon as you can if you're available to meet with Attorney Stephen Goins (Metra) regarding Kresch v. Metra on the following dates:


Ron Davis – tomorrow, March 8th at 2 pm

Germain Salamanca – Monday, March 11th at 10 am

Kraig Elzia – Thursday, March 14th at 12 pm

Reginald Harris – Thursday, March 14th at 1 pm

Thanks,

**Marchell Redmond** | Executive Administrative Assistant, Police Services

**Metra Police Department |**547 W. Jackson Blvd, 9th Floor, Chicago, IL 60661

312-322-6922 | Office

312-322-8905 | Fax

312-235-9507 | Cell

mredmond@metrarr.com



## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.



image003.jpg
3K

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

METROPOLITAN ALLIANCE OF POLICE )
and JOSEPH KRESH, PRESIDENT, )
METROPOLITAN ALLIANCE OF POLICE, )
CHAPTER 267, )
)
                      Plaintiffs, )
)
v. )   No.:   18 C 2468
)   Honorable Charles P. Kocoras
NORTHEAST ILLINOIS REGIONAL )
COMMUTER RAILROAD CORP., )
JOSEPH PEREZ, in his individual and )
Official capacity, )
)
                      Defendants. )

## AFFIDAVIT OF GERMAN SALAMANCA

1. I, German Salamanca, have been employed by Metra as a Police Officer since May 18, 2009.

2. Since February, 2016, I have been an executive board member of the Metropolitan Alliance of Police, Chapter 267 ("Organization") and was elected to the position of Vice President.

3. As Vice President of the Organization, I have met numerous times with the Organization attorney Steve Calcaterra and with the other executive board members to discuss confidential information, strategies and communications related to this lawsuit and to the operation of the Organization.

4. I periodically receive instructions from the Chief of Police, which are relayed by his Administrative Assistant Marchell Redmond ("Redmond").

5. On March 7, 2019, I received an email from Redmond telling me to meet with Metra's attorney Stephen Goins ("Goins"), regarding this lawsuit.

6. I understand that as a Metra Police Officer I must obey the instructions that are sent to me by Redmond.

1

EXHIBIT B

7. I believed that I was being ordered to meet with Goins.

8. I believed that if I could be disciplined, up to and including discharge, if I refused this order.

9. On March 14, 2019, I was at the Metra office for collective bargaining. I left part-way through the meeting to meet with Goins, alone in his office.

10. Goins did not tell me that I had any right to representation by legal counsel.

11. Goins never asked me if I was represented by an attorney in this lawsuit.

12. Approximately ten (10) minutes into the interview, Goins asked me what my position was with the Organization.

13. I told Goins that I am Vice President of the Organization.

14. After I told him that I am the Vice President of the Organization, Goins continued to question me.

15. I told Goins that I attended several meetings and witnessed numerous conversations in my role as the Vice President of the Organization.

16. During the interview, I told Goins a great deal of information about what I witnessed and knew about this case

17. I don't know if I told Goins any information that would be considered privileged.

18. I don't know if the interview was recorded, however, Goins took several pages of handwritten notes.

19. I don't have any notes or records from the interview.

20. The entire interview lasted approximately one (1) hour.

21. I returned to the collective bargaining session when my meeting was over.

22. After the meeting was over, my attorney asked me where I went during the negotiation session and I informed him that I had been ordered to meet with Goins to discuss the lawsuit.

23. Under penalties as provided by law, I certify that the statements set forth herein are true and correct and to the best of my knowledge.

Signed this 25 day of March 2019

By: _____
German Salamanca

Subscribed and sworn to before me this 25 day of March 2019.

_____
Notary Public, Illinois

My commission expires 07-16-2019.

"OFFICIAL SEAL"
R. SHAH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/16/2019

"This is an original document"

State of Illinois - County of Cook
This instrument was acknowledged before me on 03-25-19 (Date) by
German Salamanca

3

# THE LAW OFFICES OF
## STEVEN CALCATERRA & ASSOCIATES, P.C.

March 19, 2019

Stephen Goins, Esq.
METRA
547 w. Jackson
Chicago, IL 60661

*Via email at sgoins@metrarr.com*

Re: ***Metropolitan Alliance of Police, et. al. v. Metra, et. al.***
    *18cv2468*

Dear Mr, Goins,

    It has come to my attention that on March 14, 2019, Metropolitan Alliance of Police Vice President, German Salamanca, was compelled to meet privately with you, in your office, for the purposes of discussing the above listed case. At this meeting you questioned him his role in the union along with details about his union activities which permeate this litigation.

    I am struggling to determine how this meeting was not a violation of Ill.S.Ct. RPC Rule 4.2, which states "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." I was not made aware of this meeting until after it had concluded, however Mr. Salamaca told you that he is a Vice President of the local organization that is the plaintiff in a lawsuit against Metra, yet you continued to interview him. In an effort to give you the benefit of the doubt and resolve this without court intervention, please provide me with full detail the purpose and content of this meeting, along with an explanation including relevant caselaw as to why this meeting is not a violation of Rule 4.2 and why I should not seek sanctions against Metra for this action.

    For the sake of clarity, the following Metra employees are executive Board Members of the local organization and are represented by counsel:

    Joseph Kresch, President
    German Salamanca, Vice President
    Sharlene Tucker, Second Vice President

    You are advised that your office may not communicate directly with them regarding this litigation matter.

                                       Yours Truly,
                                       /s/ *T. Steven Calcaterra*
                                       T. Steven Calcaterra

Cc:    MAP
        J.Kresch
        G. Salamaca



24 W 500 MAPLE AVENUE | SUITE 208 | NAPERVILLE, IL 60540 | 630-281-2532 | FAX 630-281-2326



Steve Calcaterra <stevecalcaterra@gmail.com>

## Represented client MAP v. METRA 18cv2468
1 message

**Steve Calcaterra** <stevecalcaterra@gmail.com>  Mon, May 4, 2020 at 12:07 PM
To: Stephen Goins <SGoins@metrarr.com>
Bcc: Steve Calcaterra <stevecalcaterra@gmail.com>, Sharlene Tucker <map267union@gmail.com>

Mr. Goins -

I have tried to contact you by telephone at both your office and mobile numbers, however the mailboxes are both full and cannot accept additional messages.

On March 19, 2019 advised you, in writing, not to contact any MAP Board Member regarding the above listed litigation, because I represent them in this matter. You are aware that they are represented by my office, yet I was contacted by MAP President Sharlene Tucker who told me that you called her today and began asking her questions regarding Mr. Kresch and this litigation. For your recollection, I am attaching my March 19 correspondence to this email.

**This is a notice for you and your office to cease and desist from contacting any Board Member or Elected Official from the Metropolitan Alliance of Police regariding this or any other matter, without notifiying me and obtaining my consent first.**

If there is some reason why you believe that this is not a violation of Ill. S.Ct. RPC Rule 4.2, which states "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in this matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by a law or a court orter," please provide this reasoning.

Yours truly,

Steve Calcaterra

COVID-19 NOTICE: We are closely monitoring information available, including CDC recommendations, and is making every effort to maintain its ability to provide clients with legal services without interruption while also protecting health and safety. In order to reduce the risk of exposure and to do our part in "flattening the curve," I will be working remotely through at least May 30th. Your patience is appreciated in the event that there is a delay in responding to e-mails. During this interim, please do not send any "hard copy" correspondece, as those will not be received. Instead, please send any and all corresondence via email to this address.


**2019.0319.Goines.pdf**
46K

EXHIBIT D



Steve Calcaterra <stevecalcaterra@gmail.com>

## Kresch v. Metra et al, 18 c 2468
1 message

**Stephen Goins** <SGoins@metrarr.com>  Tue, May 5, 2020 at 3:01 PM
To: Steve Calcaterra <stevecalcaterra@gmail.com>
Cc: Aruj Chaudhry <AChaudhry@metrarr.com>, Tom Platt <TPlatt@metrarr.com>

Steve

Steve,

Rule of Professional Conduct 4.2 states that, " In representing a client, a lawyer shall **not communicate about the subject of the representation** with a person the lawyer knows to be represented by another lawyer in the matter…."

MAP has been dismissed from the case since August 31, 2018 because the court found that it lacked subject matter jurisdiction over the Railway Labor Act claims. Since that time, my clients have not been at issue with MAP in regard to any matter in the case. During the call, nothing was discussed regarding MAP's claims brought in the case. Nothing precludes Metra counsel from contacting potential witnesses regarding their knowledge concerning claims brought by Mr. Kresch. When Ms. Tucker declined to answer questions and referred me to MAP's attorneys, the conversation ended.

If you have some other authority that supports your contention that Metra counsel is precluded from contacting a potential witness, please forward for my review.

Thank you.

**Stephen G. Goins**

**Attorney II | Metra**

P:  312-322-7073 | sgoins@metrarr.com

C:  312-919-4163

547 W. Jackson Blvd., Chicago, IL 60661



**Metra** is one of the largest and most complex commuter rail systems in North America, serving Cook, DuPage, Will, Lake, Kane and McHenry counties in Northeastern Illinois. The agency provides service to and from downtown Chicago with 241 stations over 11 routes totaling nearly 500 route miles and approximately 1,200 miles of track. Metra operates more than 700 weekday trains, providing about 300,000 passenger trips each weekday.

**EXHIBIT E**

**Like** us on Facebook: Metra

**Follow** us on Twitter: @Metra

**Visit** us at www.metrarail.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

## REQUEST FOR INVESTIGATION

Use this form to request an investigation of:
1) an Illinois lawyer;
2) a non-Illinois lawyer who has provided legal services in Illinois; or
3) a non-lawyer who you are claiming has engaged in the unauthorized practice of law in Illinois.

Return the completed form by mail or facsimile to:

| ARDC | | ARDC |
|---|---|---|
| 130 E. Randolph Dr., Ste. 1500 | | 3161 W. White Oaks Dr., Ste. 301 |
| Chicago, IL 60601-6219 | or | Springfield, IL 62704 |
| Phone: (312) 565-2600 or (800) 826-8625 | | Phone: (217) 546-3523 or (800) 252-8048 |
| Fax: (312) 565-2320 | | Fax: (217) 546-3785 |

1. Your name: Tony Steve Calcaterra

Street address: 24w500 Maple Ave., Suite 208

City: Naperville   State: Illinois   Zip: 60540

Home phone: 630-569-5075   Work phone: 630-281-2532   Cell phone: 630-569-5075

E-mail address: stevecalcaterra@gmail.com

2. Name of lawyer/person you want to be investigated: Stephen Goins

Name of law firm or business: Metra

Street address: 547 w. Jackson 15th Floor

City: Chicago   State: Illinois   Zip: 60661

Phone: 312-322-7073

E-mail address: SGoins@metrarr.com

3. Have you previously contacted the ARDC regarding this matter?   Yes _____   No   x

If yes, when and how did you contact us? _____

4. Did you employ the lawyer/person you are complaining about?   Yes _____   No   x

4a. If you answered yes to question 4:

When did the employment start? _____

What was the fee agreement? _____

How much have you paid the lawyer/person to date? _____

over

EXHIBIT F

**4b.** If you answered no to question 4 what is your connection to the lawyer/person? _____

_____

_____

**5.** If your request relates to a court case or other proceeding, please provide the following:

Name of court or agency: _____ U.S. Dist. Ct. N.D.IL. _____

Name of case: _____ Metropolitan Alliance of Police and Kresch v. Metra and Perez _____

Case number: _____ 2018 cv 2468 _____

**6.** Please explain your complaint(s). Include important dates and names of witnesses and others involved. Use additional pages if necessary. Attach copies of documents that support your complaint, such as fee agreements, receipts, checks, letters and court papers.

I represent a labor union and the (now) former Union President as plaintiffs in a federal lawsuit against his employer, Metra. . Goines represents the defendant, Metra. In March 2019, Goins used his authority as the attorney of the employer to require that the Union Vice President (Salamanca), to meet with him and discuss the litigation. Pursuant to FRCP 26(c), I attempted to resolve this issue with Goins and to make sure that he understood that I did represent Salamanca and the other Union Board Members, and that he was not permitted to speak with them regarding this litigation without my consent. At the time, I believed that this issue was resolved and that perhaps Goins did not understand that I represented all of the Board Members, therefore I did not file an ARDC complaint at that time. On May 4, 2020, Goins placed a telephone call to the current Union Board President, Sharlene Tucker, and attempted to ask her questions regarding the Union and the litigation. Tucker told him that she was represented by counsel and she would not answer his questions. After I learned about this telephone call, I contacted Goins and asked him if he had any legal justification for contacting Tucker without contacting me first. He relies on the fact that the Union has been dismissed as a plaintiff in this litigation and he believes that he can continue to discuss this litigation with the Union Board. This is despite the fact that the Union is maintained on the litigation and preserved for appeal, and that I have provided him with a written document that advises him not to contact the Union Board Members, by name, because they are my clients. I believe that he is using his authority as the attorney for the employer to disadvantage the plaintiffs and obtain information that he would not otherwise be entitled. Particularly troubling is the fact that continues to assert that he can communicate directly with my clients regarding this litigation, leading me to conclude that Goins never misunderstood that I represented the Union Board Members, but instead that he misunderstands his ethical obligations. I am filing the attached Motion for Sanctions, with exhibits.

Signature: _____  Date: _____ May 14, 2020 _____